Cite as 2021 Ark. App. 444

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CV-20-629

| | |
|---|---|
| SCARLETT TAPP AND TIMOTHY PERRY | **Opinion Delivered** November 17, 2021 |
| APPELLANTS | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72PR-20-193] |
| V. | |
| JAMIE LUPER AND BRIAN LUPER APPELLEES | HONORABLE BETH STOREY BRYAN, JUDGE |
| | AFFIRMED IN PART; REVERSED AND REMANDED IN PART |

## BRANDON J. HARRISON, Chief Judge

Parents Scarlett Tapp and Timothy Perry appeal an order denying their petition to terminate the guardianship over minor children BP (age 3) and EP (age 2).[1] The target of the petition is Jamie Luper, who is Scarlett's biological mother and the children's maternal grandmother. After the guardianship over BP and EP was established, Scarlett was adopted by her friends Katina Pickle and Duston Daniels without notice to Jamie.[2] Timothy and Scarlett argue here that Scarlett's adult adoption severed all familial ties between BP, EP, and the children's maternal grandmother, Jamie Luper (a current co-guardian). The adult adoption injects a statutory wrinkle into the case: Guardian Jamie is a convicted and

---

[1]We have jurisdiction. Ark. R. App. P.–Civ. 2(a)(12) (2020).

[2]Under Arkansas's Revised Uniform Adoption Act, any individual may be adopted, and any parent of the individual to be adopted—if the individual is an adult—is not necessarily entitled to notice, and his or her consent to the adoption of his or her adult child is not required. *See* Ark. Code Ann. §§ 9-9-203 to -207(a)(7) (Repl. 2020).

unpardoned felon. Felons who are unpardoned cannot generally guard minors under Arkansas law. Ark. Code Ann. § 28-65-203(a)(1)–(2) (Supp. 2021). One exception is the so-called "relative" provision. Simply put, an unpardoned felon who is a relative of a child may serve as a guardian of the minor's person (but not property) if the felon is otherwise qualified under Arkansas law. Ark. Code Ann. § 28-65-203(a)(2)(B).

According to Scarlett and Timothy, Guardian Jamie is no longer a relative to BP and EP under Arkansas law given Scarlett's adoption. This in turn means Jamie is not qualified to guard the children under the relative exception. We address this argument below. Before we do so, we expel unnecessary suspense and state now that Timothy and Scarlett have not challenged the qualifications of the children's other guardian—Jamie's husband, Brian Luper—and they have not otherwise established that Brian's guardianship must be terminated under Ark Code Ann. § 28-65-401(b)(3). Therefore, given the standards of review that apply in probate proceedings and when this court reviews the application of statutes, we affirm the circuit court's denial of the petition to terminate in part and reverse and remand in part. *See In re Guardianship of W.L.*, 2015 Ark. 289, 467 S.W.3d 129 (probate cases); *Scudder v. Ramsey*, 2013 Ark. 115, 426 S.W.3d 427 (questions of law). Brian may therefore serve as a guardian of the children's person and their respective estates.

As to Jamie Luper, here is the important part of the circuit court's order for this appeal's purposes:

2.      The Court finds that pursuant to Arkansas law, Jamie Luper is a relative related to Scarlett Tapp by virtue of blood kinship as set forth in Arkansas Code Annotated § 28-65-203(a)(2)(B).

3.      The Court finds that the fact the adult biological mother has now been adopted by her guardian does not disqualify Jamie Luper, her biological

2

mother, from being the guardian of the wards that are the subject of this case. Jamie Luper is no longer the legal mother of Scarlett Tapp, but she is still the biological mother and [a] relative.

4. The Court further finds that pursuant to Arkansas Code Annotated § 28-65-401, termination generally, a guardianship may be terminated if the guardianship is no longer necessary and no longer in the best interest of the ward.

5. The Court finds there has been zero credible evidence that this guardianship is no longer necessary, nor in the best interests of the wards. The parents still have unstable housing, they are sleeping on the sofa, the mother still has no job.

6. Alternatively, there are two guardians, and one of them, Brian Luper, is not a convicted felon, so the Court would substitute him in as the sole guardian should this Court's interpretation of relative be wrong at the appellate court level. However, this Court finds that that is not necessary because Jamie Luper is still a relative as defined by Arkansas law.

To answer the core question this appeal presents, we apply Arkansas's adoption and guardianship statutes. As mentioned, guardianship law states that a convicted but unpardoned felon cannot guard a minor's person unless the would-be guardian is a "relative . . . as defined in § 9-28-402." Ark. Code Ann. § 28-65-203(a)(2). A "relative" is defined in section 9-28-402(20) (Supp. 2021) as "a person within the fifth degree of kinship by virtue of blood or adoption." Section 9-9-215(a)(2) (Repl. 2020), an adoption statute, states that an adoption decree creates "the relationship of parent and child between the petitioner and the adopted individual, as if the adopted individual were a legitimate blood descendant of the petitioner, *for all purposes*[.]" (Emphasis added.)

So is Jamie a "person within the fifth degree of kinship by virtue of blood or adoption" as to BP and EP after Scarlett's adult adoption? That is a question of law we decide without deferring to the circuit court's prior decision. *Scudder, supra.* No Arkansas

3

appellate court has stated whether a biological grandmother serving as a guardian over her grandchildren—a grandmother who is also an unpardoned felon—remains a "blood relative" to the grandchildren for purposes of the "relative" guardian exception after the grandchildren's mother is adopted as an adult by third parties. Under guardianship law, a guardian can be a ward's "relative" by blood or adoption. *See* Ark. Code Ann. § 9-28-402(20). But under adoption law, one has a single line of relatives. *See* Ark. Code Ann. § 9-9-215(a)(1) (An adopted person must be treated as a "legitimate blood descendant" of the adoptive parent.). Although no appellate court has resolved the apparent tension between the two statutory schemes, we have strong guidance from our supreme court on how to resolve this dispute.

In *Scudder*, the court interpreted adoption statutes to mean that an adoption fully terminates "all legal relationships between the adopted individual and his or her biological relatives[.]" 2013 Ark. 115, at 8, 426 S.W.3d at 433 (internal citations omitted). We take the court at its word and therefore apply with full force the bright-line rule applied in *Scudder*. Consequently, we hold that an adoption severs all familial ties, including any "relative" status that might otherwise exist under section 28-65-203. So after Scarlett's adult adoption, Jamie is no longer a "relative" to BP and EP as Arkansas law defines the term in this case's context. We see no "adult adoption" exception that might prevent the *Scudder* rule from applying. Nor has there been any alleged fraud or a collateral attack on the final order of adoption. Because Jamie Luper is no longer a "relative," she cannot serve as a guardian over BP and EP. When Katina Pickle became Scarlett's adoptive mother using the available statutory process, Jamie Luper and Scarlett became "strangers . . . for all

4

purposes." Ark. Code Ann. § 9-9-215(a)(1). Counterintuitive, to be sure; but a legal fact. Because Jamie's rights as a grandparent derive from Scarlett's parental rights, Jamie and her biological grandchildren are now legal strangers, too, given Scarlett's adoption. *Scudder, supra.* For these reasons, the circuit court's finding that "Jamie Luper is a relative related to Scarlett Tapp by virtue of blood kinship as set forth in Arkansas Code Annotated § 28-65-203(a)(2)(B)" is clearly wrong under current Arkansas law. Consequently, we reverse the finding.

But that is not the end of the story. The circuit court made an alternative ruling in the order on appeal. Specifically, the court ruled that it "would substitute [Brian Luper] in as the sole guardian should the interpretation of relative be wrong at the appellate court level." Because Brian is not a felon, the "relative" provision does not apply to him, which is to say that the adult adoption did not terminate Brian's status as a guardian as a matter of law. Moreover, as a matter of fact, given this record, the court was not clearly wrong in finding that it was in the welfare and best interest of the children for the guardianship to continue. We therefore remand the case to the circuit court and direct it to enter an order appointing Brian Luper as the sole guardian of EP and BP—*if* the appointment is currently in the children's best interest and otherwise complies with Arkansas law.

Affirmed in part; reversed and remanded in part.

VIRDEN and GRUBER, JJ., agree.

*Wayne Williams Law Office, PLLC*, by: *Wayne Williams*, for appellants.

*Burke Law Firm, P.A.*, by: *Brian T. Burke*, for appellees.

5